UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH ARCHAMBAULT,

    Plaintiff

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

    Defendant

Civil Action No. 05-11762-NG

## ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life") hereby answers the allegations contained in Plaintiff's Complaint as follows:

### PARTIES

1. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. In further responding, Liberty Life refers the Court to the administrative record.

2. Liberty Life admits the allegations in paragraph 2.

### DECLARATION OF FACTS

4. (sic) Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding Plaintiff's employment with Marriot Hotels. Liberty Life also states that the remaining allegations in this paragraph state conclusions of law to which no response is required. To the extent these allegations require a response, Liberty Life denies the allegations, except admits that it issued a policy of insurance for long-term disability

benefits to Sodexho Marriot Services, Inc. In further responding, Liberty Life refers the Court to the administrative record and the policy therein, which speak for themselves.

5. (sic) Liberty Life denies the allegations in this paragraph, except states that the medical records explaining Plaintiff's medical conditions and the administrative record for Plaintiff of which they are a part speak for themselves. In further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

6. (sic) Liberty Life admits so much of this paragraph as alleges that Plaintiff filed a claim for LTD benefits under the policy of insurance issued by Liberty Life to Sodexho Marriot Services, Inc. and that he received LTD benefits. Liberty Life states that the Plaintiff's application for benefits and the policy of insurance and the administrative record for Plaintiff of which they are a part speak for themselves. In further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

7. (sic) Liberty Life admits that it determined that Plaintiff's LTD benefits were no longer payable, and otherwise states that the letter dated April 25, 2005 and the administrative record of which it is a part speak for themselves. In further responding, Liberty Life denies any mischaracterization the Plaintiff makes of that letter and respectfully refers the Court to the administrative record.

8. (sic) Liberty Life states that Plaintiff's alleged request for a review of Liberty Life's decision, the letter dated June 22, 2005, and the administrative record of which they are a part speak for themselves. In further responding, Liberty Life denies any mischaracterization Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

9. (sic) Liberty Life denies the allegations in paragraph 9.

### COUNT I: WRONGFUL CLAIM DENIAL UNDER ERISA

10. (sic) Liberty Life denies the allegations in paragraph 10.

### COUNT II: BREACH OF CONTRACT

11. (sic) Liberty Life denies the allegations in paragraph 11.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims he has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances, and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

## NINTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are pre-empted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's contract claim is barred for a lack of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as it may deem just and proper under the circumstances.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
By their attorneys,

/s/ Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO#645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

October 20, 2005