UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH ARCHAMBAULT,<br><br>Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br><br>Defendant | Civil Action No. 05-11762-NG |

### MEMORANDUM IN SUPPORT OF COMBINED ASSENTED-TO MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT AND MOTION TO DESIGNATE THE DATE BY WHICH DEFENDANT MUST RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS THE DATE THAT IS 14 DAYS AFTER PLAINTIFF SUBMITS A MEMORANDUM THAT COMPLIES WITH LOCAL RULE 7.1(B)(4)

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), moved for an Order striking Plaintiff's memorandum of law submitted in support of his motion for summary judgment on the grounds that it exceeds the 20 page limit established by Local Rule 7.1(B)(4) without leave of Court. This memorandum, and the Declaration of Guy P. Tully, are submitted in support of that motion.

1.  Under the current pre-trial schedule, dispositive motions in this matter were due to be served by August 18, 2006. (Tully Dec. ¶2)

2.  On August 18, 2006, Plaintiff filed a motion for summary judgment. In support of that motion, Plaintiff submitted a memorandum of law that is 48 pages long. (Tully Dec. ¶3)

3.  On August 18, 2006, Defendant filed a motion for summary judgment. In support of its motion, Defendant filed a memorandum of law that was 20 pages long, in accordance with Local Rule 7.1(B)(4). (Tully Dec. ¶4)

4. Prior to filing his motion and supporting memorandum, Plaintiff did not obtain leave of Court to file a memorandum of such length. (Tully Dec. ¶5)

5. Local Rule 7.1(B)(4) states that, "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double spaced."

6. After conferring with Plaintiff's counsel about the motion, Plaintiff's counsel assents to having his memorandum stricken and being replaced by a substitute memorandum within three days that complies with the page limits set forth in Local Rule 7.1(B)(4). Plaintiff's counsel also assents to designating the date by which Defendant must respond to Plaintiff's summary judgment materials as the date that is 14 days after Plaintiff files a memorandum that complies with Local Rule 7.1(B)(4).

WHEREFORE, Defendant respectfully requests that the Court: (1) strike Plaintiff's memorandum submitted in support of his motion for summary judgment on August 18, 2006; (2) require Plaintiff to submit a memorandum that complies with the page limits of Local Rule 7.1(B)(4) within three days; (3) designate the date by which Defendant must respond to Plaintiff Motion For Summary Judgment as the date that is 14 days from the date Plaintiff submits a

memorandum that complies with Local Rule 7.1(B)(4); and (4) award such other relief as the Court may deem appropriate and just.

            Respectfully submitted,

            LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

            By its attorneys,

            /s/Guy P. Tully
            Guy P. Tully, BBO# 555625
            Richard W. Paterniti, BBO #645170
            JACKSON LEWIS LLP
            75 Park Plaza
            Boston, MA 02116
            (617) 367-0025

August 22, 2006

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 22, 2006, a copy of the foregoing was served by electronic mail and through the ECF system on Plaintiff's counsel.

            /s/ Guy P. Tully
            Jackson Lewis LLP