UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH ARCHAMBAULT,

Plaintiff

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON

Defendant

Civil Action No. 05-11762-NG

## DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Together with his Motion for Summary Judgment, Plaintiff included the pleading captioned "Plaintiff's Local Rule 56.1 Statement of Material Record Facts" (hereinafter referred to as "Plaintiff's Statement of Facts.") Pursuant to Local Rule 56.1, Defendant Liberty Life Assurance Company of Boston ("Liberty Life") now responds and objects to certain inaccurate and/or unsupported paragraphs in Plaintiff's Statement of Facts. Defendant notes that none of the disputed issues are material with respect to defeating Defendant's Motion for Summary Judgment. Subject to the objections and responses noted below, Defendant will accept Plaintiff's Statement of Facts as true only for purposes of Defendant's Motion for Summary Judgment, and only if the factual allegations contained therein are properly supported by evidence contained in the record as required by Rule 56.1. Further, to the extent that Plaintiff refers to or otherwise characterizes documents in the Administrative Record, Defendant states that the language

of such documents speaks for itself.

Subject to and incorporating by reference the foregoing general objections, Defendant specifically responds to Plaintiff's Statement of Facts as follows:

**Paragraph 2.**    Defendant denies the allegations in this paragraph to the extent that Plaintiff states that Liberty Life "provided group long term disability coverage to employees of Sodexho Marriott Services, Inc." That coverage was provided by Sodexho through the policy of insurance issued by Liberty Life to Sodexho. (Dec. of Paula McGee, ¶ 3).

**Paragraph 5.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. For clarification, the policy provides a maximum *monthly* benefit of $5,000. (AR at 3) (emphasis added).

**Paragraph 10.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. For clarification, the policy provides that "the Covered Person must make application with the Social Security Administration for benefit payments under that plan, *when Liberty determines that the Disability will extend beyond a 12 month period*." (AR at 3) (emphasis added).

**Paragraph 13.**    Defendant objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies Plaintiff's unsupported characterization that he provided "full" medical documentation of his claim.

**Paragraph 17.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. In the letter cited, Liberty explained that it had reached its decision based on various information, including, but not limited to, a vocational

analysis, information provided by Dr. Ligouri, and information from Plaintiff's other treating physicians who concluded that Plaintiff could perform sedentary function and who confirmed Plaintiff's restrictions. (AR at 75-77).

**Paragraph 20.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph.  The correspondence from Liberty Life dated May 10, 2005 to which he cites speaks for itself.  Liberty Life did not request additional time for its review in that letter.  (AR at 169-170).

**Paragraph 21.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph.  The correspondence from Plaintiff's prior counsel dated May 12, 2005 to which he cites speaks for itself.  Prior counsel did not "indicate[] that further documentation would be provided by [Plaintiff's] neurologist."  Prior counsel merely indicated that while Plaintiff's neurologists have agreed to provide additional documentation, such supplementation was not necessary.  (AR at 168).

**Paragraph 22.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph and of the administrative record in this case.  The document to which he cites and the administrative record speak for themselves.  Contrary to Plaintiff's recitation of the facts in this paragraph, Liberty Life rendered a decision on his appeal on June 10, 2005, after Plaintiff failed to provide any additional materials to support his appeal.  Liberty Life then conducted an additional review after receiving the untimely note from Dr. Kase.  (AR at 65-67, 89-94).

**Paragraph 23.**    Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph.  In his recitation of the facts in this paragraph, Plaintiff fails to explain that while the fact of Plaintiff's receipt of SSDI benefits is referenced in teh

Administrative Record, the SSDI decision explaining the basis for Plaintiff's award of SSDI benefits was not part of the administrative record as Plaintiff failed to submit it to Liberty Life. (AR at 67, 95).

**Paragraph 24.**    Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph. Liberty Life objects to Plaintiff's statement of fact that his claim is "ripe for judicial review." (AR at 66).

**Paragraph 25.**    Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph only to the extent that he refers to his condition as a "severe" stroke or that he suffered "severe" coronary symptoms as the records cited therein do not support this statement. (AR at 557-558).

**Paragraph 26.**    Defendant denies Plaintiff's mischaracterization of the documents cited in this paragraph. The document cited by Plaintiff does not indicate that one of Plaintiff's associated diagnoses was "vocational impairments." The document refers to this associated diagnosis as "vocational/avocational issues." (AR at 593).

**Paragraph 28.**    Defendant objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies Plaintiff's unsupported characterization of the ranking of importance of his physicians.

**Paragraph 29.**    Defendant denies and objects to the last sentence in this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this sentence. This sentence is merely an unsupported conclusory statement by Plaintiff's counsel.

**Paragraph 32.**    Defendant objects to Plaintiff's characterization of the language of

the document cited in this paragraph to the extent that it is incomplete. For example, the document referenced in this paragraph also states that "sitting balance is functional. Ability to use the right hand for grasping and manipulating objects is functional."

**Paragraph 34.**    Defendant merely seeks to clarify that Plaintiff's stroke occurred on November 12, 2000, not November 20, 2000. (AR at 83).

**Paragraph 36.**    Defendant objects to Plaintiff's characterization of the letters sent to Bilazarian to the extent that it is incomplete. For example, the letter also states that in addition to the restrictions identified by Dr. Liguori, Defendant "received information from [Plaintiff's] visit at your office on December 9, 2004 which indicated that [Plaintiff] did not have any cognitive deficits and that all other comorbid conditions were stable."

**Paragraph 39.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. For clarification, no restriction on duration or continuity was provided to Liberty Life by Dr. Liguori.    (AR at 247). Defendant further objects to Plaintiff's characterization of the letter sent to Cariz to the extent that it is incomplete. For example, the letter also states that in addition to the restrictions identified by Dr. Liguori, Defendant "received information from [Plaintiff's] cardiologist Dr. Bilazarian from an office visit on December 9, 2004 which indicated that [Plaintiff] did not have any cognitive deficits and that all other comorbid conditions were stable."

**Paragraph 40.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. For clarification, no restriction on duration or continuity was provided to Liberty Life by Dr. Liguori. (AR at 247).

**Paragraph 41.**    Defendant merely seeks to clarify that Dr. Cariz's restrictions forms are dated March 11, *2002*, and March 29, 2002. (AR at 407).

**Paragraph 42.**    Defendant denies and objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies the conclusory allegations in this paragraph.

**Paragraph 45.**    Defendant denies and objects to the allegations in this paragraph to the extent that it does not clarify that the first sentence was in response to an inquiry about Plaintiff's ability to perform his own occupation, whereas the second sentence was in response to a question about Plaintiff's ability to work in any gainful employment. (AR 00240)

**Paragraph 47.**    Defendant denies and objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies the conclusory allegations in this paragraph.

**Paragraph 48.**    Defendant denies Plaintiff's mischaracterization of the document cited in this paragraph. Dr. Madireddi.  (AR at 247).

**Paragraph 52.**    Defendant denies the conclusory allegations in this paragraph.  Dr. Madireddi explained in detail the medical evidence supporting his opinion.  Moreover, Plaintiff mischaracterizes the opinions of Plaintiff's treating physician who concluded that Plaintiff was able to lift or carry certain weights.  (AR. at 204, 208, 213).

**Paragraph 53.**    Defendant objects to the last sentence in this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies the conclusory allegations in this sentence.

**Paragraph 54.**    Defendant denies the allegations in the last sentence in this paragraph.  In his notes, Dr. Liguori did not state that there was any durational or time limitations on Plaintiff's restrictions.  (AR. at 204, 247).

**Paragraph 55.**    Defendant denies the allegations in the last sentence in this paragraph. The record citation does not demonstrate that Dr. Madireddi did not consider Dr. Liguori's note of May 9, 2003. In fact, Dr. Madireddi identified that note among the list of records she reviewed and considered. (AR. at 103).

**Paragraph 57.**    Defendant denies and objects to this paragraph to the extent it suggests in the last sentence that Dr. Madireddi did not consider Dr. Kase's June 7, 2005 letter as part of his review of the record.

**Paragraph 59.**    Defendant denies the conclusory allegations in this paragraph. In his report, Dr. Madireddi listed all of the medical records he reviewed and considered, including Dr. Liguori's note of May 9, 2003. (AR. at 103).

**Paragraph 60.**    Defendant denies the conclusory allegations in this paragraph. In his report, Dr. Madireddi listed all of the medical records he reviewed and considered, including all of the records relating to Plaintiff's lifting restrictions. (AR. at 103).

**Paragraph 61.**    Defendant denies the conclusory allegations in this paragraph. In his report, Dr. Madireddi listed all of the medical records he reviewed and considered in reaching her conclusion, including Dr. Kase's note of June 7, 2005. Based on his review, he concluded that Plaintiff's spasms did not prevent him from engaging in sedentary work. (AR. at 60, 64).

**Paragraph 64.**    Defendant denies the conclusory allegations in this paragraph. Ms. Doherty's review took account of the opinions of Plaintiff's treating physicians. (AR. at 183).

**Paragraph 65.**    Defendant objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph.

Defendant also denies the conclusory allegations in this paragraph.

**Paragraph 67.**     Defendant denies and objects to this paragraph on the grounds that Plaintiff mischaracterizes the contents of Ms. Doherty's report.  Defendant states further that the language of that report speaks for itself.

**Paragraph 70.**     Defendant objects to this paragraph to the extent that it mischaracterizes the timing and findings of Dr. Madireddi's conclusions.

**Paragraph 71.**     Defendant objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies the conclusory allegations in this paragraph.

**Paragraph 73.**     Defendant denies the conclusory allegations in this paragraph that it sought to "ease" Plaintiff off of his LTD benefit.  Plaintiff has offered no evidence to support this allegation.

**Paragraph 79.**     Defendant objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies the conclusory allegations in this paragraph.

**Paragraph 82.**     Defendant denies the conclusory allegations in this paragraph that it sought to "determine that he could perform some kind of sedentary work activity." Plaintiff off of his LTD benefit.  Plaintiff has offered no evidence to support this allegation.

**Paragraph 85.**     Defendant denies the conclusory allegations in this paragraph that it "conducted a virtual blitz" of calls and correspondence.

**Paragraph 86.**     Defendant objects to this paragraph on the grounds that it suggests that Drs. Cariz and Bilazarian rubber stamped the restrictions identified by Dr. Liguori.

There is no record support identified for that characterization of the actions of Drs. Cariz and Bilazarian.

**Paragraph 88.**      Defendant objects to this paragraph on the grounds that Plaintiff failed to comply with Local Rule 56.1 by failing to provide a cite for this paragraph. Defendant also denies the conclusory allegations in this paragraph.

Respectfully submitted,

LIBERTY LIFE ASSURANCE
COMPANY OF        BOSTON,

By its attorneys,

/s/Richard W. Paterniti
Guy P. Tully, BBO# 555625
Richard W. Paterniti, BBO #645170
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

September 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2006, a copy of the foregoing was served by electronic mail and through the ECF system on Plaintiff's counsel.

/s/ Guy P. Tully
Jackson Lewis LLP